# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| La Mesa Family Housing Limited Partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>Marya V. Anelli and Does 1 to 10,<br><br>    Defendants. | Civ. No. 14-2398 AJB (MDD)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

    Pending before the Court is a motion by Defendant Marya V. Anelli ("Anelli") and an ex parte application by Plaintiff La Mesa Family Housing Limited Partnership ("La Mesa"). Anelli is seeking to proceed without prepaying fees or costs (Doc. No. 3) and La Mesa is seeking an order shortening time on a motion to remand or requesting immediate ruling on whether the case should be remanded (Doc. No. 4).

    This state-based unlawful detainer action was filed on or about July 21, 2014, in San Diego County Superior Court. (Not. Removal Ex. A, Doc. No. 1-2.) On October 9, 2014, Anelli removed the action to this Court based on federal-question jurisdiction.

(Not. Removal at 2-3,[1] Doc. No. 1; Civil Cover Sheet, Doc. No. 1-1.) On October 15, 2014, La Mesa filed the pending ex parte application. Based on this Court's chambers rules, any opposition to the application was due soon thereafter. *See* Chamber Rules, Hon. Anthony J. Battaglia, *available at* https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/45/Battaglia%20Civil%20Pretrial%20Procedures.pdf. To date, Anelli has not filed an opposition to the application.

It is well settled that a federal court cannot reach the merits of any dispute until it confirms that it retains jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). Thus, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence[.]" *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (superseded on other grounds).

In a removal action, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction or when the notice of removal contains plain jurisdictional defects. *See* 28 U.S.C. § 1447 *et seq*. The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Chicago v. International Coll. Surgeons*, 522 U.S. 156, 163 (1997).

The Court's removal jurisdiction must be analyzed on the basis of the pleadings

---

[1] The Court notes that although Anelli cites that the case "originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b)" it is apparent that she is resting on federal question jurisdiction. 28 U.S.C. § 1331(a), 1441(a); (Not. Removal ¶¶ 5 (citing § 1441(a)), 6 ("[t]he complaint presents federal questions"), II (discussing "federal question"), 10 (citing § 1331); Civil Cover Sheet (marking federal question as the basis for jurisdiction)). Additionally, the Court is unconvinced there is a diversity of citizenship present.

at the time of removal. *See Sparta Surgical Corp. v. National Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7 (2003). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Gaus*, 982 F.2d at 566.

Here, the complaint contains a single cause of action for unlawful detainer, a state-based claim. (*See* Not. Removal Ex. A.) Because the complaint does not include a federal claim, federal-question jurisdiction does not exist. Defendant's assertion that federal-question jurisdiction exists because of defenses arising under federal law is unavailing. *Beneficial Nat'l Bank*, 539 U.S. at 7 ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses"); (Not. Removal ¶¶ 7-10) . Accordingly, this Court lacks subject matter jurisdiction.

In light of the foregoing, the Court **GRANTS** La Mesa's ex parte application (Doc. No. 4) and **ORDERS** this case be remanded to San Diego County Superior Court. Additionally, Anelli's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 3) is **DENIED AS MOOT**. The Clerk shall close the district court case file.

**IT IS SO ORDERED.**

DATED: October 21, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge